UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03352-JMS-DML |
| ) | |
| WEXFORD HEALTH SOURCES, ) | |
| PAUL TALBOT, M.D., ) | |
| MICHAEL OSBORN, ) | |
| ) | |
| Defendants. ) | |

### ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES

NOW COME the Defendants PAUL TALBOT, M.D. AND WEXFORD OF INDIANA, LLC, by their attorney DOUGLASS R. BITNER of KATZ KORIN CUNNINGHAM PC, and for their Answer, Jury Demand and Affirmative Defenses in response to the Plaintiff's Civil Rights Complaint [D/N 2], states as follows:

#### I.   JURISDICTION AND VENUE

1. The Defendants do not dispute the jurisdiction of this Court.
2. The Defendants admit that venue is proper.

#### II.   PLAINTIFF

The Defendants admit that during all times relevant to the Plaintiff's Complaint, that the Plaintiff, Michael Boyd, was incarcerated inside the Indiana Department of Corrections. Upon information and belief, the Defendants admit that the Plaintiff is currently incarcerated at the Indiana State Prison.

#### III.   DEFENDANTS

1. Defendant Wexford of Indiana, LLC admits that it has been incorrectly identified as Wexford Health Sources, Inc. Defendant Wexford of Indiana, LLC admits that pursuant to a contract with the Indiana Department of Corrections, that it employs medical staff and provides medical services at a number of correctional facilities throughout the State of Indiana, including the Pendleton Correctional Facility.

2. Defendant Paul Talbot, M.D. admits that since April 1, 2017 he has been employed by Wexford of Indiana, LLC as a physician at the Pendleton Correctional Facility.

3. The Defendants deny or lack knowledge or information sufficient to admit or deny the remaining allegations of Section III.

### IV.   FACTS

The Defendants deny that they were deliberately indifferent to any of the Plaintiff's needs. The Defendants deny that any act or omission on their part violated any of the Plaintiff's constitutional rights. The Defendants deny all allegations of wrongdoing whatsoever. Defendant Wexford of Indiana, LLC denies that it maintained any unconstitutional policy or practice at the Pendleton Correctional Facility, or at any correctional facility, and instead admits that during all relevant times it provided care and treatment for Hepatitis C in Indiana that it followed the direction of its contractual client through adherence to their health care service directives as well as compliance with their contract with the State of Indiana.

### V.   EXHAUSTION OF REMEDIES

The Defendants admit that a grievance process is available to inmates incarcerated inside the Indiana Department of Corrections. The Defendants deny or lack knowledge or information sufficient to admit or deny the remaining allegations of Section V.

### VI.   LEGAL CLAIMS

Denied.

## VII.   PRAYER FOR RELIEF

The Defendants deny the Plaintiff is entitled to any relief whatsoever, and further deny the Plaintiff is entitled to any relief as requested in paragraphs 1-7.

### DEFENDANT DEMANDS TRIAL BY JURY

### AFFIRMATIVE DEFENSES

1. The Defendants duties were limited to those that were delegated to them or that they voluntarily undertook.

2. The Defendants are protected by the doctrine of qualified immunity because, at all times relevant herein, the Defendants' actions were taken in good faith, or not prohibited by a clearly established law, and were within the realm of reasonable responses to the circumstances with which they were confronted.

3. The proximate cause of the Plaintiff's injuries/damages, in whole or in part, was a result of the Plaintiff's own conduct and failure to mitigate damages by exercising ordinary care.

4. The Plaintiff failed to exhaust his administrative remedies, which are available to him through the prison grievance procedure, his claims are barred by 42 USC §1997e(a). The Defendants were able to review the Plaintiff's grievance history form from IDOC, and it shows that the Plaintiff has not filed any successful grievance regarding any of his claim, or at all, during his time incarcerated.

5. Plaintiff's request for injunctive relief are barred, as the Plaintiff is a member of a current class action as cited by the Court in its screening Order, and pursuant to the holdings in that case, and specifically a settlement reached between Wexford of Indiana, LLC and Dr. Paul Talbot with the certified class, the Plaintiff's claims for injunctive relief have already

been addressed and are barred pursuant to that settlement agreement *res judicata* and collateral estoppel.

WHEREFORE, The Defendants, Paul Talbot, M.D. and Wexford of Indiana, LLC, respectfully request that this Court enter judgment in their favor and against the Plaintiff, plus cost of suit and attorney's fees and expenses to the extent allowable under the law.

Respectfully submitted,

KATZ KORIN CUNNINGHAM, PC


*/s/ Douglass R. Bitner*
Douglass R. Bitner, Attorney No. 34981-49
KATZ KORIN CUNNINGHAM PC
The Emelie Building
334 N. Senate Avenue
Indianapolis, IN 46204
Office (317) 464-1100
Direct (317) 396-2565
Fax (317) 464-1111
Email:  dbitner@kkclegal.com
*Attorney for Defendants Paul Talbot, M.D. and Wexford of Indiana, LLC*

## CERTIFICATE OF SERVICE

I certify that on **April 25, 2019**, a copy of the foregoing *Answer* was filed electronically using the Indiana E-Filing System (IEFS).  Notice of this filing was sent via U.S. First Class Mail to the following person(s):

Michael Boyd (IDOC# 965065)
**INDIANA STATE PRISON-MINIMUM SECURITY UNIT**
Inmate Mail/Parcels
201 Woodlawn Ave.
Michigan City, IN 46360
***Pro Se***

*/s/ Douglass R. Bitner*
Douglass R. Bitner